McKinney, J.,
delivered the opinion of the Court.
This was an action of ejectment for a tract of land lying in Claiborne county.
The plaintiff claims under a grant from the State of Kentucky, issued in pursuance of the convention agreed upon between Tennessee and Kentucky, in 1820, adjusting the boundary line between these two States — the land in controversy being situated between Walker’s line and latitude 36° 30'.
The grant was issued on the 25th of July, 1853, to Cor *49 nelius Bowman, the plaintiff; and purports to be for one thousand four hundred acres of land, surveyed on the 20th of September, 1886. It appears, however, that the exterior boundaries of the grant, as therein defined, contain upwards of six thousand acres. Upon the face of the grant, and immediately following the description of the boundary lines of the land, are these words: “ Plotting out the lands previously surveyed, represented to me, by the aforesaid Cornelius Bowman, to be 4000 acres.”
The surveyor who, in 1836, made the survey on which said grant is founded, was examined on the trial, and stated that when he made said survey, it was represented to him by said Bowman, that within the boundaries stated in said survey and grant, there were not less than four thousand acres of land, previously granted, or held by prior legal surveys; and that upon this statement of Bowman, (which was the only evidence he had,) he reported the fact to be so in his certificate of survey.
Neither in the certificate of survey, nor in the grant, is there anything to identify the lands assumed to have been held by prior patents or surveys. Nor, indeed, is there any thing in the whole record to áhow that, in fact, any portion of the land embraced within the boundaries described in said grant, had been previously appropriated either by patent or survey, except two tracts — one purporting to contain fifty, and the other one hundred and fifty acres, which the said Bowman had procured to be surveyed in 1883, but for which patents were not obtained until the 20th of December, 1854.
The defendants, who -were in possession of a small portion of the land within the exterior boundary of the one thousand four hundred acre patent, at the time this action was commenced, proudeed no title w'hatever.
Upon this state of the case, it was insisted by the counsel for defendants, on the trial, that as it was incumbent on the plaintiff to show a legal title to the land sued for, and also to show that the defendants were in possession of some part of the land covered by such title; and as the plaintiff could have *50 no title to tbe four thousand acres excepted out of the grant, he could not recover in this action without showing, affirmatively, that the land occupied by the defendants lay outside of the boundaries of the four thousand acres excluded from his grant, and within the limits to which, by his grant, he had a rightful legal title. And the Court concurring in this view of the law, instructed the jury accordingly, and verdict and judgment were rendered for the defendants.
Upon the state of this record it cannot be assumed that, in point of fact, any portion of the land included in the boundaries of the fourteen hundred acre patent had been previously appropriated, except the two small tracts of fifty and one hundred and fifty acres above mentioned. It may be true, that the representation made by Bowman to the surveyor, that four thousand acres of the land embraced by the survey had been previously surveyed, wa,s either an innocent mistake on his part, or an intentional falsehood; but whether the one or the other, the result is the same, so far as the present determination is concerned. The question is one exclusively between the State and the grantee, with which a mere trespasser, or subsequent enterer, has nothing tci do. The injury, whether committed by mistake or fraud, is against the State, and can only be complained of by the State; and if the State acquiesces, and allows the grant to stand, there can be no question but that, in a Court of Law, it must be regarded as investing the grantee with a legal title to all the land included by its boundaries, not shown to be held by a superior title. As between the parties, in this action, the question of fraud'or mistake is altogether irrelevant.
In this view of the case, the judgment of the Circuit Court-is clearly erroneous. The plaintiff having shown a prima facie legal title, and that the defendants were in possession of part of the land covered by such title, was entitled to recover, in the absence of proof of a better title in the defendants, or outstanding in another, or some other legal defence. I Swan’s 4lep., 333-836.
Judgment reversed.